Curia, per
Richardson, J.
It does not remain now to be adjudged that the contract for personal services on the part of the overseer of a plantation, expressly for a year, is for the entire year; and on that of his employer to pay *128 wages for the same time, 4 M’C. 226; 1 N & M’C. 284, Cox vs. Adams. That if the employer discharges his overseer within the year, without justifying cause, he must still pay him his wages for the entire year; and that if the overseer departs in like manner, without justifying cause, he loses all his wages, 4 M’C. 246.
But in general, where planter and overseer separate, the causes assigned, are so uncertain that the conclusion is drawn, that they separated, by mutual consent, or through equal faults; and wages, for the time of actual service are allowed.
Under this qualification, compromise verdicts, have been frequent. 2 Mill. Con. Rep. 404, 4 M’C. 26, 246, 249 ; 2 H. M. 477.
But the principle of an entire contract, where such has been entered into, must be preserved, and its necessary consequences; and we have to apply them to the case before the Court. Mr. Súber had been engaged, as he declared, for the year. His services were not complained of. But, in October, during the absence of his employer, he left his employment. Because, as he said, “in the absence of Mrs. Súber, a negro woman had informed Mrs. Vanlew, that he was too familiar with some negro woman of the plantation; and Mrs. Vanlew had believed the tale, and he felt above any such thing.”
How such tittle tattle of a negro woman, and the inward belief of her mistress, would form any justifying cause for Mr. Súber to break his contract, and desert his employer, without further enquiry, does not strike our understanding, and, as we sit here to enforce the laws of the land, a new trial is ordered.
Evans, Butler, and Wardlaw, JJ. concurred.
O’Neall, J. dissented.